IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY T. LEE #363-894                              :

             Petitioner                     :

v.                                               :          Civil Action No. JKB-13-473

MARYLAND PAROLE COMMISSION        :
             Respondent

## MEMORANDUM

On February 13, 2013, the Clerk received a habeas corpus petition from Gary T. Lee, who is presently detained at the Maryland Reception Diagnostic Classification Center in Baltimore City. Lee, who has a lengthy criminal history in the Maryland courts dating from 1985,[1] challenges his continued detention on a retake warrant pending disposition of a charge of violation of probation. Lee does not provide detail as to which of his convictions resulted in the violation of probation charge. Maryland electronic case search reveals that on October 5, 2012, Lee and several co-defendants were charged in the Circuit Court for Baltimore City for drug distribution and possession. Trial is set for March 20, 2013.[2] Lee states that were it not for the delay in adjudicating the violation of probation charge, he would be released on bail on his latest charges.

Lee's petition, filed pursuant to 28 U.S.C. § 2241, is subject to the exhaustion requirement of 28 U.S.C. § 2254(b). *See Francis v. Henderson,* 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its

---

[1] *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

[2] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=112279021&loc=69&detailLoc=DSK8.

habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Lee must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). In Maryland, this may be accomplished by proceeding after conviction with certain claims on direct appeal, and thereafter seeking *certiorari* to the Court of Appeals and with other claims by way of a post-conviction petition, followed by petitioning the Court of Special Appeals for leave to appeal. Lee has not yet been tried for violation of probation and has completed neither direct appeal nor post-conviction review.

Because the habeas corpus claims presented here have not been exhausted in the State courts, the instant action is premature. *See Gray v. Netherland*, 518 U.S. 152, 161-167 (1996). Thus, the case will be dismissed without prejudice by separate order. A certificate of appealability will not issue because Lee has not made a "substantial showing of the denial of a constitutional right."[3]

---

[3] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).

A separate Order follows.

Feb. 20, 2013
Date

James K. Bredar
United States District Judge